IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00562-WYD-KMT

SCOTT WILLIAM DEUTY

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,
JESSICA SWANK and
RON ROGERS

    Defendants.

---

**PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order Concerning Confidential Information ("Protective Order") shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the parties' disclosure or discovery obligations under the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and includes electronic data. A draft or non-identical copy is a separate document within the meaning of this term.

3. For purposes of this Protective Order, "CONFIDENTIAL" information means information which is designated as "CONFIDENTIAL" by Plaintiff, one or more Defendants, or by any third party from whom discovery is sought, where Plaintiff, such Defendant(s) or such third party, after review by counsel (if the party is represented by counsel), reasonably and in good faith believe that the information contains or reflects data or information that: (a) implicates common law or statutory privacy interests of current or former employees of Defendant Hewlett-Packard Company or the designating third party; or (b) constitutes a trade secret of Hewlett-Packard Company or the designating third party pursuant to C.R.S. § 7-74-102(4) or other applicable statutory provisions or common law; or (c) implicates Plaintiff's privacy interests as recognized by statute or common law.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for any party that is a corporate or other business entity;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel for the designating party and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. Before any CONFIDENTIAL information is produced to Plaintiff, he will provide to Defendants' counsel an executed acknowledgement in the form attached hereto as Exhibit A stating that he has read this Protective Order and agrees to be bound by its provision. Such acknowledgement shall be retained by Defendants' counsel and shall be subject to in camera review by the Court should enforcement by the Court of this Order be required.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of the transcript.

8. With respect to documents or transcripts of which only portions are designated as CONFIDENTIAL, either party may publish such documents or transcripts with all CONFIDENTIAL portions redacted.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not

thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Any motion to file CONFIDENTIAL documents, materials, and/or information under seal shall comply with D.C.COLO.LCivR 7.2 and 7.3.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Each party's counsel shall be permitted to keep one copy for its files of any work product that may contain or reference CONFIDENTIAL documents. However, such copies shall be kept in a confidential manner and the CONFIDENTIAL documents shall retain their confidential status until it is destroyed as part of counsel's regular file retention and destruction process.

12. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13. Neither the entry of this Protective Order, nor the designation of any material as CONFIDENTIAL, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

14. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

15. Any person who makes or assists in making an unauthorized disclosure of information designated CONFIDENTIAL pursuant to this Protective Order, shall be subject to certain penalty and punishment for contempt of court.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 3rd day of September, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00562-WYD-KMT

SCOTT WILLIAM DEUTY

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a Delaware corporation,
JESSICA SWANK and
RON ROGERS

    Defendants.

**CONFIDENTIALITY AGREEMENT**

I hereby certify my understanding that the material designated "CONFIDENTIAL" is being provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION, entered _____, 2010 ("Protective Order") in the above-captioned action, that I have been given a copy of and have read that Protective Order, and that I am familiar with all of its terms and restrictions. I submit to the jurisdiction of this Court for enforcement thereof. I agree to use any CONFIDENTIAL information disclosed to me pursuant to that Protective Order solely for purposes of this litigation, and I further agree not to disclose any such material to any person, firm, or concern except as permitted under the Protective Order without the advance express written consent of the supplying party to this litigation or after further express Order of the Court. Furthermore, I

understand that any unauthorized disclosure of information designated CONFIDENTIAL pursuant to the Protective Order may subject me to penalty and punishment for contempt of court.

Dated: _____        Signed: _____
                                     Printed Name:

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

　　　The foregoing instrument was acknowledged before me this ___ day of _____, 20__ by _____.

　　　WITNESS my hand and official seal.

　　　My commission expires:

                                    _____
                                    Notary Public