IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00562–WYD–KMT

SCOTT WILLIAM DEUTY,

    Plaintiff,

v.

HP (HEWLETT-PACKARD),
JESSICA SWANK, and
RON ROGERS,

    Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff's Motion to Compel" (Doc. No. 48 [Mot.], filed 1/3/2011) and "Defendants' Response to Plaintiff's Motion to Compel" (Doc. No. 52 [Resp.], filed 1/18/2011). Plaintiff did not file a reply.

Plaintiff seeks an order compelling Defendants to answer certain interrogatories and to make certain witnesses available for depositions.[1] (*See* Mot. at 1.) He also requests sanctions contemplated by Fed. R. Civ. P. 37(c)(1). (*Id.*) In response, Defendants claim that they properly objected to the interrogatories, Plaintiff did not attempt to describe the relevance of his requests

---

[1] The court addressed Plaintiff's request as to the depositions on January 4, 2011. (*See* Doc. No. 50.) To the extent Plaintiff seeks to compel depositions, the motion moot.

in his Motion and, even though the interrogatories were objectionable, where Defendants could discern relevance to Plaintiff's claims or their defenses, they provided responsive information and documents. (Resp. at 1-2.) Defendants ask the court to award reasonable attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(B).

## LEGAL STANDARD

Fed. R. Civ. P. 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). The Tenth Circuit recently explained:

> Rule 26(b) will not permit unlimited discovery. Rule 26(b)(1) permits discovery only of relevant information and the discovery must appear reasonably calculated to lead to the discovery of admissible evidence. Moreover, all discovery is limited by Rule 26(b)(2), which protects against, *inter alia*, overly burdensome discovery requests, discovery of cumulative materials, and overly costly discovery requests.

*Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (internal citations omitted). Rule 26(e) requires a party to supplement or correct a response to an interrogatory, request for production , or request for admission if "the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A).

Fed. R. Civ. P. 37(a) governs the filing of motions to compel disclosure or discovery. The Rule provides,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). A motion to compel a discovery response may be made if, for example, "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(iii). Under Rule 37, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(5) addresses payment of expenses upon resolution of a motion to compel. If a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "if the motion was substantially justified or other circumstances make an award of expenses unjust," the court must not order such a payment. *Id.*

Finally, Rule 37(c) provides for sanctions if a party fails to provide information or identify a witness as required by Rule 26(e).

Because Plaintiff is proceeding *pro se*, the court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless the court will not act as advocate for a *pro se* litigant, who must follow the same rules of procedure that apply to other litigants.

*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

## ANALYSIS

Plaintiff seeks an order compelling Defendants to "fully answer and produce documents to comply with the Plaintiff's initial Interrogatory Nos. 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25" and "make available those requested in the initial request for Depositions on January 5." (Mot. at 1.) Construing Plaintiff's motion liberally, he also seeks to compel a response to Interrogatory No. 26. (*See id.* at 5 (stating "Any and all information listed in interrogatory # 26 regarding individual employees").) Finally, he requests an order compelling Defendants "to produce all documents responsive to Requests for Production 10 and 11, including but not limited to the following documents requested in Plaintiff's communication with Defendant attached as Exhibit C." (*Id.* at 6.)

Plaintiff's motion contains several technical deficiencies, which, alone, are sufficient grounds for denying the motion. Local Rule 37.1 requires that any motion under Fed. R. Civ. P. 26 or 37 "directed to an interrogatory, request, or response under Fed. R. Civ. P. 33 or 34 shall either set forth in the text of the motion the specific interrogatory, request, or response to which the motion is directed, or an exhibit that contains the interrogatory, request, or response shall be attached." D.C.COLO.LCivR.37.1. While Plaintiff has attached his "First Set of Interrogatories and Requests for Production of Documents to Defendant" to his motion (*see* Mot. Ex. C), the

motion is directed at Defendants' allegedly inadequate response. However, Plaintiff did not set forth the text of any response in his motion, or attach Defendants' response to his motion.[2]

Under Fed. R. Civ. P. 37(a) a party filing a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Local Rule 7.1.A. requires counsel for a moving party, or a *pro se* party, to confer or "ma[ke] reasonable, good faith efforts to confer" with opposing counsel to resolve a disputed matter before filing any motion. D.C.COLO.LCiv.R. 7.1.A. The motion, or a certificate attached to that motion, must state the specific efforts to comply with this rule. *Id.*

Plaintiff included the following recitation in his motion:

Pursuant to Local Rule 7.1.A, the undersigned certifies that counsel for Plaintiffs have attempted to confer with DEFENDANT regarding these issues, including as memorialized on Exhibits A and B. DEFENDANT has not provided any information or produced any documents in response to these efforts.

Mot. at 1. The court first notes that there is only one plaintiff and he is not represented by counsel. Second, the court does not find Plaintiff's purported "efforts to confer" to be in good faith. The evidence Plaintiff provides is deficient. Exhibit A is an email from Plaintiff to opposing counsel regarding scheduling certain depositions. There is no mention of Plaintiff's request for interrogatories or production of documents or any reference to a deficient discovery response from Defendants. Exhibit B is also an email from Plaintiff to defense counsel. It

---

[2] Defendants attach a copy of their response to Plaintiff's discovery requests as Exhibit 1 to their response brief.

references the scheduling of a deposition and indicates that Plaintiff is expecting the following items from Defendants:

> --the workstation group earnings from 2005 to 2010; these were presented at coffee talks
> --Carol Lang's FPR's for 2005-2010
> --Health Volesky's FPRs for 2005-2010
> --All workstation group bonuses for 2005-2010
> --Rock On expenditures for 2005-2010
> --total costs for the HP chopper and HP Fort Collins visit by the builders.

(Mot. Ex. B.) In the email, Plaintiff states that "if [he does not] receive these items by Friday November 12th [he] will file a motion in the court for them." (*Id.*) While several of Plaintiff's discovery requests appear directed at some of the above cited information,[3] it is not self-evident that all of the items listed were the subject of the interrogatories or requests for production to which Plaintiff now seeks to compel a response. Moreover Plaintiff does not indicate what, if any response Defendant provided regarding these items. Thus, Plaintiff has not provided the court with meaningful information regarding any conferral to resolve the dispute as to the interrogatories and requests for production before the filing of his motion.

Defendants, however, have provided additional correspondence between Plaintiff and defense counsel regarding the discovery requests and the court is disturbed by the lack of good faith on Plaintiff's part evidenced by that correspondence. According to Defendants' Exhibit 2,

---

[3] *See* Interrogatory No. 26(b), seeking "information on annual 'Rock On' celebration including filming budget and overall budget" and "costs for the HP Chopper build [sic] and to have the American Chopper television stars appear at HP Fort Collins for a television show filming." (Mot. Ex. C at 9-10.)

they provided their discovery responses to Plaintiff by email on September 20, 2010, to which he responded:

> Your response was nothing short of an example of laziness and stonewalling this investigation. You have provided absolutely no information whatsoever in your response. You are bound by the rules of the court to provide this information. The one exhibit that you did provide needs to be data that I can cut, paste, sort in terms of usable text, which it is not. This matter will surely be brought to the attention of the court with a motion to comply. Shame on you for thinking you could respond in such an unreasonable and unprofessional manner, especially when considering the amount of effort that I put into my response. This, like HP's treatment of their employees, is a pathetic example of legal representation. I'm not backing down so you may as well provide information to me without finding fault with the reason for the request. You yourself didn't provide any reasons for your requests and you got your information. What makes you think that you are privileged enough to avoid response? You are just forcing me to research the laws of the court and rule 26 in order to frustrate me. Ain't happening. I expect cordial and candid responses by September 30th or I'm filing a motion with the court. My time will be taken up pursuing this matter so any deficiencies that you are waiting on will be delayed until after you provide the information that I have requested.

(Resp. Ex. 2.) In reply to this email, defense counsel noted that Plaintiff had not identified any specific deficiency and invited Plaintiff to contact counsel to discuss any specific concerns. (Resp. Ex. 3.) Counsel also noted that, in response to Plaintiff's discovery requests, Defendants had provided a CD containing more than 1000 pages of documents. (*Id.*) Finally, counsel explained that Defendants had objected to Plaintiff's requests on several grounds, including that many of Plaintiff's interrogatories were not framed as questions. (*Id.*) Plaintiff responded:

> . . . As for objecting to every request based on it not being in the form of a question, you're wasting the court's time and my time with nitpicking. You know exactly what I'm asking for so just produce it and stop acting so high and mighty. Remember, you are representing a company that replaced a hard working American of military lineage with an Iranian national from a hostile country that is supplying arms to kill American soldiers. So now who's deserving of

>  disparaging remarks? It's a wonder you can sleep at night. Anything for money, though. Isn't that why the country is nearly in a depression?

(Resp. Ex. 4.)

Simply put, this correspondence indicates that Plaintiff's anger at Defendants is clouding his ability to reasonably attempt a resolution of the discovery dispute. Rather than identify any specific deficiency, Plaintiff resorted to inappropriate disparaging remarks, which clearly do not satisfy the good faith conferral requirements of Fed. R. Civ. P. 37 and Local Rule 7.1.A and do not advance resolution. Plaintiff appears *pro se* and his emotional involvement is understandable; however, further outbursts will not be tolerated by the court.

Beyond these technical deficiencies, the substance of Plaintiff's motion fails. Plaintiff essentially argues that Defendants have not fully responded to his Interrogatories Nos. 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26. (*See* Mot. at 1 seeking order compelling Defendants "to fully answer.") However, excepting Interrogatories Nos. 11, 12 and 13, Plaintiff does not say in what way Defendant's response was unsatisfactory, for example whether Defendant failed to respond entirely or whether Defendant did respond but provided an evasive or incomplete response. He merely states that "DEFENDANT has failed to comply" and "DEFENDANT did not make available for production pursuant to Rule 26(a)(1) any Documents relating to [these interrogatories]." (*Id.* at 2-6.)

Interrogatories Nos. 11, 12 and 13, request information on hiring practices, "including resumes, discussions, emails, grade point averages, level of education, transcripts, and other materials associated with making hiring decisions" of summer hires, graduates, and experienced

8

individuals and associate hiring respectively. (*See* Mot. Ex. C at 7.) With regard to these interrogatories, Plaintiff claims Defendants "refused to provide personal information on hires, such as resumes, discussions, emails, grade point averages, level of education, and transcripts. In a similar manner, the Defendant has [sic] failed to provide hiring information on classes other than summer hires (interrogatory #11), including recent graduate hires (Interrogatory #12), and experience [sic] hires (interrogatory #13) for the same time period of 2005-2009." (Mot. at 3.)

In response, Defendants argue that 1) they properly objected to the interrogatories; 2) the majority of Plaintiff's interrogatories did not pose a question and therefore could not be answered under oath; 3) most of the information sought by Plaintiff is not relevant to Plaintiff's claims; 4) Plaintiff has not attempted in the motion to describe the relevance of his requests; and 5) although the interrogatories were objectionable, where Defendants could discern some relevance, they provided responsive information and documents. (Resp. at 1-2.)

Defendants' Exhibit 1 demonstrates that Defendants did respond to Plaintiff's discovery requests. Thus, to the extent that Plaintiff implies that Defendants did not respond at all, he is incorrect. Moreover, Defendants posed legitimate objections to Plaintiff's interrogatories. Defendants objected on a variety of grounds, including that Plaintiff's interrogatories were overly broad, vague, unduly burdensome, sought information that was not relevant to the claims or defenses in this case, were not reasonably calculated to lead to the discovery of admissible evidence, and were interposed for purposes of harassment. (*See* Resp. Ex. 1.)

In this suit, Plaintiff brings claims for age, race and gender discrimination and related state law claims. (*See* Doc. No. 5 at 13-19.) Much of the information Plaintiff seeks in his

interrogatories does not appear relevant to the claims or defenses in this case or reasonably calculated to lead to the discovery of admissible evidence. For example, in Interrogatories Nos. 2 and 3 Plaintiff seeks information relating to the sexual harassment probe of former HP CEO Mark Hurd. The court sees no relationship between this probe and Plaintiff's claims and Plaintiff has made no argument regarding the relevance of the information requested. Similarly, in Interrogatories Nos. 5, 7, 8, and 9, Plaintiff requests information regarding management and engineer bonuses, marketing expenditures, travel expenditures and expenditures for a Girl's Technology camp. Again, the court finds no relationship to any of Plaintiff's claims and he has made no argument to the contrary.

In Interrogatory No. 10 Plaintiff seeks voluminous information regarding all business trips taken by any HP employee. This information does not appear relevant to Plaintiff's claims and would be overly burdensome to Defendants. Plaintiff has not argued the relevance of this request or attempted to narrow it for Defendants. Interrogatories Nos. 11, 12, and 13 requested information regarding HP's hiring practices for summer hires, recent graduates, experienced individuals and associates. Plaintiff has not asserted discrimination based on a hiring or failure to hire decision, thus the court sees no relevance in these requests. Plaintiff has made no argument in support of these requests. Interrogatory No. 18 states, "Any and all information on US employees that are from foreign countries including the origin of the country of the employee and the related ratio of US to foreign employees on a per facility basis." (Mot. Ex. C. at ) Without determining the relevance of this request, the court considers it vague, overbroad and unduly burdensome. Plaintiff has made no evidence to narrow it for Defendants. Finally,

Interrogatories 19-23 request information regarding employees and visitors from foreign countries including immigration related information. The court can discern no relevance to Plaintiff's claims for age, gender and race discrimination and Plaintiff has provided no argument regarding the relevance of this information.

The court notes that, despite objecting to Plaintiff's interrogatories and requests for production, Defendants assert that they have produced over 1300 pages of documents, particularly in response to Interrogatories Nos. 7, 11, 12, 13, 14, 16 and 24 and Plaintiff's requests for production. (Resp. at 6.) Plaintiff has made no effort to specifically argue how Defendant's response was deficient.

With regard to Interrogatory No. 26, not only does Plaintiff fail to make any argument regarding the interrogatory,[4] he did not seek permission to propound more than twenty-five interrogatories. Fed. R. Civ. P. 33 provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Defendants objected to Interrogatory No. 26 on, *inter alia*, the ground that Plaintiff had exceeded the limit on interrogatories. The court has not ordered additional interrogatories (see Doc. No. 28) and Plaintiff has not argued any basis for propounding an extra interrogatory.

Plaintiff also purportedly seeks to compel Defendants to produce "all documents responsive to Requests for Production 10 and 11, including, but not limited to the following

---

[4] As described above, the entirety of Plaintiff's discussion of Interrogatory No. 26 in his motion is "Any and all information listed in interrogatory # 26 regarding individual employees." (Mot. at 5.)

11

documents requested in Plaintiff's communication with DEFENDANT attached as Exhibit C." (Mot. at 6.) Plaintiff did not make a request for Production No. 10 or No.11. Exhibit C, which is the copy of Plaintiff's discovery requests Plaintiff provided to the court, contains only Requests for Production Nos. 1-4. (*See* Mot. Ex. C.)

In conclusion, not only did Defendants respond to Plaintiff's interrogatories and requests for production with legitimate objections, they nevertheless produced more than 1300 hundred pages of documents. In response to Plaintiff's emails claiming their response was inadequate, Defendants offered to discuss specific concerns regarding the relevance of Plaintiff's requests. (Resp. Ex. 3.) Rather than work with defense counsel to resolve the dispute before filing a motion to compel, Plaintiff resorted to accusatory and disparaging emails. In his motion Plaintiff fails to clearly identify any deficiency in Defendants' response to his discovery requests and makes no argument regarding the relevance of his requests. Accordingly the court will deny Plaintiff's motion to compel.

Rule 37 dictates that, when a motion to compel is denied, a court must, after giving the movant an opportunity to be heard, require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(B). Plaintiff forewent his opportunity to be heard by not responding to the request for costs and fees pursuant to Rule 37(a)(5)(B) contained in Defendants' Response. *See Proa v. NRT Mid Atlantic Inc.*, 608 F. Supp. 2d 690, 691 n.1 (D. Md. 2009).

THEREFORE, it is

ORDERED that "Plaintiff's Motion to Compel" (Doc. No. 48) is DENIED. It is further

ORDERED that, no later than March 14, 2011, Defendants shall provide the court with an accounting of their expenses, including attorney's fees, incurred in opposing Plaintiff's motion. Plaintiff may respond to the reasonableness of this accounting no later than March 28, 2011.

Dated this 4th day of March, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge