IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00562–WYD–KMT

SCOTT WILLIAM DEUTY,

    Plaintiff,

v.

HP (HEWLETT-PACKARD),
JESSICA SWANK, and
RON ROGERS,

    Defendants.

---

# ORDER

---

This matter is before the court on "Defendants' Accounting of Attorneys' Fees Incurred in Responding to Motion to Compel" (hereinafter "Accounting") [Doc. No. 58, filed March 11, 2011].

On March 4, 2011, this court denied Plaintiff's Motion to Compel [Doc. No. 48] and awarded Defendants reasonable costs, including attorney's fees, associated with preparing for and arguing their defense to the motion. (Order [Doc. No. 57] at 13.) Plaintiff was allowed until March 29, 2011 to file objections to Defendants' Accounting of fees and expenses. *Id.*

### A.     *Plaintiff's Request to Rescind March 4, 2011 Order.*

On April 4, 2011, in lieu of filing objections to Defendants' Accounting, Plaintiff filed a 102 page document entitled "Response to Order." (Resp. to Order [Doc. No. 65].) On page twenty of the Response to Order, Plaintiff requests "the court to rescind the order of March 5th (sic) and herby (sic) grant the Plaintiff's Motion to Compel as narrowed, detailed, and justified in this response." As to the Accounting, Plaintiff "asks that no fees be levied against him based on the proof that Plaintiff has attempted to respond as best as possible to the requests by the Defendant (sic) under some very dire circumstances." *Id*. He continues, "[f]urthermore, the Plaintiff has given the Defendant (sic) numerous chances to respond (*Resp Exhibit 9*) and the Defendant (sic) failed to do so and thus is not due a reward." There was no further objection or response to the Accounting.

The Federal Rules of Civil Procedure do not recognize a motion to reconsider or rescind a previous court order. Instead, they provide two options to a litigant subject to an adverse order or judgment—to file a motion to alter or amend the order or judgment pursuant to Fed. R. Civ. P. 59(e) or to file a motion seeking relief from the order or judgment pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59(e) applies when the motion for relief is filed within twenty-eight days of the order or judgment; Rule 60(b) governs all other motions. *See* Fed. R. Civ. P. 59(e).

The court's order denying Plaintiff's Motion to Compel was entered on March 4, 2011. The twenty-eight day period therefore ended on April 1, 2011. Since the Response to Order was

filed outside of the twenty-eight day period, the court will construe the Response to Order to be a motion filed pursuant to Fed. R. Civ. P. 60.

Rule 60(b) permits the Court to modify or rescind an order due to, *inter alia*, a substantive "clerical mistake" or a "mistake arising from oversight or omission" by the Court, Fed. R. Civ. P. 60(b)(1); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999), "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," Fed. R. Civ. P. 60(b)(2), "fraud, . . . misrepresentation or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), or as a result of "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6); *Parker v. Zavaras*, No. 08-cv-00737-MSK-KLM, 2011 WL 1211487, at *3 (D. Colo. March 31, 2011).

Nowhere in the prolix Response to Order does Plaintiff point to any new evidence justifying the relief he seeks. Instead, Plaintiff makes excuses for his overbroad and irrelevant discovery requests and seeks to explain his unprofessional and combative demeanor toward Defendants' counsel. (Resp. to Order at 1-3.) Further, Plaintiff attempts to narrow and re-define several of his objectionable discovery requests. (*See e.g., id.* at 14 ( "The Plaintiff has done his best in this response to narrow down the requested information from a broad request across all of HP to only requesting HP workstation business unit related information.").) Thereafter, Plaintiff simply copied the court's order verbatim and then inserted discourse, explanation and argument to various sections using what he calls the Microsoft Word "Track Changes" feature. Plaintiff's commentary directed to the court's order, in addition to re-hashing his previous expostulations, includes a lesson on the use of "open questions" and lengthy definition of the word "please."

(*Id*. at 9.)  In addition, Plaintiff provided further justification of his need for information from interrogatories and requests for production.  (*See e.g., id.* at 13, 15.)

The Response to Order does not satisfy Rule 60(b)'s requirements for relief from the court's March 4, 2011 order.  Therefore, to the extent the court construes the Response to Order [Doc. No. 65] as a Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60, it is **DENIED**.

### B. *Defendants' Accounting of Attorneys' Fees Incurred in Responding to Motion to Compel*

Fed. R. Civ. P. 37 dictates that, when a motion to compel is denied, a court must, after giving the movant an opportunity to be heard, require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(B).  As noted in the court's March 4, 2011 order, Plaintiff forewent his opportunity to be heard by not responding to the request for costs and fees pursuant to Rule 37(a)(5)(B) contained in Defendants' Response to his Motion to Compel.  *See Proa v. NRT Mid Atl. Inc.*, 608 F. Supp. 2d 690, 691 n.1 (D. Md. 2009).  Similarly, Plaintiff has now forfeited his right to object to the calculation of the fee award given his choice to file the Response to Order rather than a response to the Accounting as allowed by the court.

Defendants seek reimbursement of $5,264.25 in fees associated with responding to and defending against Plaintiff's Motion to Compel, including time expended drafting the Accounting and the affidavit supporting the fee request.  Defendants assert that their principal counsel, Ms. Craigmile, spent a total of 13.8 hours researching, drafting and editing Defendants' Response; Defendants' second counsel, Mr. Biermann, spent approximately one hour and

4

twenty-five minutes reviewing, editing and otherwise providing input to the Response; and their paralegal, Ms. Simpson, spent approximately two and a half hours formatting the Response and exhibits and finalizing it for filing. Additionally, Ms. Craigmile spent an additional one hour and fifteen minutes preparing the Accounting and the accompanying declaration. Both attorneys seek reimbursement at the rate of $305.00 per hour, the negotiated rate at which they actually have billed their clients, Defendants herein. Detailed billing records were submitted in support of the request. (*See* Accounting, Declaration of Kathleen E. Craigmile [Doc. 58-1] at 3.)

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on [preparing a response] multiplied by a reasonable hourly rate." *Henley v. Eckerhart*, 461 U.S. 424, 433 (1983). This figure is the lodestar amount.

In determining whether counsel spent a reasonable number of hours on a matter, the court must consider several factors, including: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Board of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554-REB, 2010 WL 3703224, at *2 -3 (D. Colo. September 13, 2010). The Tenth Circuit has held, "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours

for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1256 (10th Cir. 1998).

After examining the Response and exhibits filed by Defendants [Doc. No. 58] and reviewing again the Motion to Compel filed by *pro se* Plaintiff, it is clear to the court that the hours spent by Ms. Craigmile and the paralegal, Ms. Simpson, were reasonable and justified. Further, I find the billed rate of Ms. Craigmile at $305.00 per hour and of Ms. Simpson at $95.00 per hour to be reasonable and in accord with attorneys and paralegals of similar experience in the District of Colorado.

However, given Ms. Craigmile's experience with this case and as an attorney in practice since 1994, it appears that the hours expended by Mr. Biermann to review Ms. Craigmile's work were an unnecessary duplication of effort. While partners often collaborate on legal projects and their clients may willingly pay for such collaboration, in this case there is no justification for imposing upon Plaintiff the costs associated with this practice. Therefore, the court declines to award as costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) any fees associated with the review and consultation of Mr. Biermann.

Therefore, it is **ORDERED**

"Defendants' Accounting of Attorneys' Fees Incurred in Responding to Motion to

Compel" [Doc. No. 58] is ACCEPTED in part.  Defendants are awarded the total sum of

**$4,837.25** against Plaintiff pursuant to Fed. R. Civ. P. 37(a)(5)(B).

Dated this 6th day of April 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge