IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00562–WYD–KMT

SCOTT WILLIAM DEUTY,

    Plaintiff,

v.

HP (HEWLETT-PACKARD),
JESSICA SWANK, and
RON ROGERS,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Request to Reconsider the May 20th Order to Seal Exhibits and Request to Reconsider Labeling Exhibits Q and R as Confidential Information Pursuant to the Protective Order Concerning Confidential Information Entered in this Action on September 3, 2010 (Document No. 37)" (Doc. No. 89 [Mot. Reconsider], filed 5/23/2011) and Defendants' Response (Doc. No. 94, filed 6/6/2011). Plaintiff did not file a reply.[1]

---

[1] The court ordered Defendants to respond to Plaintiff's Motion to Reconsider by June 6, 2011 and Plaintiff to file a reply no later than June 17, 2011. (Doc. No. 93.)

Plaintiff states that, because this court entered an order granting Defendants' Motion to seal Exhibits Q and R before Plaintiff responded to Defendants' Motion,[2] Plaintiff "is now in a position whereas he must request the court reconsider the May 20, 2011 ruling to seal this information." (Mot. Reconsider at 2.) Plaintiff argues that "the information that was sealed cannot be considered confidential under the [sic] *Martinelli v. District Court*, 612 P.2d 1083, 1091 (Colo. 1980); [sic] because the information does not tie any name or other identifying factor to an individual." (*Id.*)

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment; Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff filed his Motion on May 23, 2011, three days after the court's order granting Defendants' Motion to Seal. Therefore, the court will consider Plaintiff's request for review pursuant to Rule 59(e). *See id.*

There are three major grounds that justify reconsideration: (1) an intervening change in

---

[2] Although D.C.COLO.LCivR 7.1C contemplates a response and reply to a motion, "nothing in this rule precludes a judicial officer form ruling on a motion at any time after it is filed."

controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff does not address these grounds and none apply.

Exhibits Q and R do contain identifying information as they contain birth dates for employees considered for inclusion in the Reduction in Force that resulted in Plaintiff's termination from employment with HP. (*See* Resp. at 2.) The documents also include age, gender and race data obtained from personnel files and employee databases. (*Id.*) Disclosure of such data to the public would eliminate these employees' means of protecting their privacy interests in their personal information. This data is clearly "of such a highly personal or sensitive nature that it falls within the zone of confidentiality." *Flanagan v. Munger*, 890 F.2d 1557, 1570 (10th Cir. 1989) (noting circuit's adoption of *Martinelli*'s test for confidentiality in personnel files).

There has been no intervening change in the law and no new evidence has become available. Plaintiff has identified no compelling state interest requiring disclosure of the personnel data to the public and the court identifies no clear error or manifest injustice in its order sealing the exhibits. Accordingly, "Plaintiff's Request to Reconsider the May 20th Order to Seal Exhibits and Request to Reconsider Labeling Exhibits Q and R as Confidential Information Pursuant to the Protective Order Concerning Confidential Information Entered in

this Action on September 3, 2010 (Document No. 37)" (Doc. No. 89) is DENIED. The

documents shall remain sealed until further order of the court.

Dated this 20th day of June, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge