IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00562-WYD-KMT

SCOTT WILLIAM DEUTY,

    Plaintiff,

v.

HEWLETT-PACKARD CORPORATION, a corporation employing people in Colorado;
RON ROGERS, in his capacity as supervisor; and
JESSICA SWANK, in her capacity as a human resources representative,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants' Combined Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(b)(1) for Failure to Exhaust Administrative Remedies and for Summary Judgment as to Remaining Claims filed March 17, 2011 [hereinafter "Combined Motion"] and Plaintiff's "Amended Claim" filed February 28, 2011, which has been construed as a motion to amend the complaint.  The case arises from Plaintiff's employment and termination from employment with Defendant Hewlett-Packard ["HP"].  Plaintiff is proceeding *pro se*.

Both Defendant's Combined Motion and Plaintiff's motion to amend were referred to Magistrate Judge Tafoya for a recommendation by Order of Reference of March 24, 2010 and Memoranda of March 2 and March 17, 2011.  Magistrate Judge Tafoya issued a Recommendation on May 23, 2011, which is incorporated herein by reference.  *See*

28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b). She recommends therein that Plaintiff's motion to amend the complaint be denied, Defendants' Combined Motion be granted, and that this matter be dismissed in its entirety. (Recommendation at 35). The Recommendation is discussed in more detail below.

On June 21, 2011, Plaintiff filed a "Request to Appeal Dismissal of Case". Although it was initially construed by the Clerk's Office as a Notice of Appeal, I directed that it be treated as an Objection to the Recommendation by Minute Order of June 22, 2011. Accordingly, I will construe Plaintiff's Request to Appeal Dismissal of Case as an Objection.

I first note that the Objection, filed on June 21, 2011, appears to be untimely under Fed. R. Civ. P. 5(b) and 6. That is because the Recommendation issued on May 23, 2011, advised that written objections were due within fourteen days after service of a copy of the Recommendation, and that a party's objections "must be both timely and specific to preserve an issue for de novo review." (Recommendation at 35.) Nonetheless, I will consider the Objection in the interest of justice and review it on a *de novo* basis as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

"In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)). While

the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment." *Id.*

In the case at hand, Magistrate Judge Tafoya first noted that Defendants move to dismiss Plaintiff's federal statutory claims, except for Plaintiff's gender discrimination claim arising from the denial of a travel request, for failure to exhaust administrative remedies. (Recommendation at 9.) Relevant to this issue, Plaintiff filed a charge of discrimination with the EEOC on January 22, 2009, relating to discrimination because he was denied the opportunity to go on a business trip to a conference. (*Id.* at 10.) The charge claimed discrimination based on gender because Plaintiff's request for a trip to a business conference was denied while a female employee was allowed to travel to a conference. (Defs.' Combined Mot., Ex. A-1, ECF No. 62-2.) Plaintiff then filed suit in this case on March 10, 2003. On August 4, 2010, he filed a second charge of discrimination with the EEOC alleging age and disability discrimination as well as retaliation in response to the first EEOC charge. (*Id.*, Ex. A-4, ECF No. 62-4.)

Magistrate Judge Tafoya noted that each adverse employment decision constitutes a separate actionable unlawful employment practice for which administrative remedies must be exhausted. (Recommendation at 12.) She also noted that because exhaustion is a jurisdictional prerequisite, a plaintiff may not cure a jurisdictional defect by pursuing administrative remedies after filing suit. (*Id.* at 9.) Because Plaintiff's second charge was not filed until after the suit was commenced, Magistrate Judge Tafoya found that Plaintiff did not exhaust his administrative remedies with respect to

those charges. (Recommendation at 11-15.) In so finding, she rejected Plaintiff's arguments that his second charge was sufficient to exhaust his remedies or that he did not need to further exhaust his remedies, including his contention that the second charge relates back to or amends the first charge. (*Id.* 13.)

Plaintiff argues in his Objection that he did properly exhaust his administrative remedies, and that he brought suit only after the EEOC's determination in December 2009 that he had a right to sue. He asserts that "[t]he lawsuit is based primarily on the claim of retaliation due to the Plaintiff's filing of a gender based lawsuit, however, the base for the lawsuit is the bias committed by the Defendant's who required the Plaintiff provide a 'Business Purpose' for his requested travel to a conference" while allowing a female employee to attend a conference that had no business purpose. (Objection at 1-2.) Plaintiff further argues that the EEOC's failure to pursue further action and statement that its investigation was complete in its letter of December 9, 2009, shows that there were no further remedies to exhaust. He also contends that the acceptance of this case by the Court proves that subject matter jurisdiction exists. (*Id.* 4.)

I reject these arguments and overrule the Objection as to the recommendation that Plaintiff's claims should be dismissed for failure to exhaust as to the claims of age and disability discrimination and retaliation in the second charge. The fact that the EEOC determined in December 2009 that he had a right to sue on the claims in the initial charge or found that further investigation was not warranted does not impact the requirement that Plaintiff exhaust administrative remedies as to each new act of discrimination or retaliation by filing a new charge with the EEOC.

Further, the fact that this Court accepted Plaintiff's suit for filing does not mean that the Court made any finding that subject matter jurisdiction exists.  Magistrate Judge Tafoya was correct in finding that Plaintiff's second charge of discrimination filed after suit was commenced did not give the Court subject matter jurisdiction over the case, since Plaintiff did not pursue this administrative remedy until after filing suit.  Further, she correctly found that even if Plaintiff did exhaust his administrative remedies by filing his second charge in August 2010, summary judgment is appropriate based on the charge being untimely as it was not filed within 300 days of the alleged discriminatory actions  (*Id.* 14-15.)  .  Plaintiff had 300 days after each new act to file the charge, not one 300 day period as Plaintiff appears to believe.[1]

Plaintiff argues, however, that he discovered evidence related to the second charge after the 300 day period allowed to bring charges.  (Objection at 2, 5.)  He also argues that his review of the evidence in the case has ""uncovered many bias actions by HP that deserve to be presented in a court of law and decided by a jury."  (*Id.* at 2.)  However, Magistrate Judge Tafoya addressed this issue in her Recommendation, finding that it is apparent from the allegations of the complaint and the evidence presented by Defendants that Plaintiff was aware of the basis for his age and race discrimination claims before filing suit.  Plaintiff has not specifically countered her findings or shown that her findings are incorrect or inaccurate.  Instead, his arguments

---

[1] To the extent Plaintiff asserts that the claims in the second charge are no longer part of the case and are filed under a separate civil action, Civil Action No. 11-cv-00672-LTB, that case was dismissed by Judge Babcock on April 26, 2011, as substantially duplicative of this case. (Order to Show Cause, ECF No. 5.)

-5-

on this issue are conclusory and thus not entitled to an assumption of truth. *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1950 (2009). Further, he has not shown and I do not find that the doctrines of estoppel, waiver or equitable tolling apply under the circumstances of this case to the lapsed claims. *See Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). Accordingly, I overrule the Objection and affirm the recommendation to dismiss the age discrimination, disability discrimination and retaliation claims due to failure to exhaust remedies.

I now turn to the other claims. Even though Plaintiff exhausted his remedies as to the federal claim for the alleged gender-based decision to deny Plaintiff's business travel, Magistrate Judge Tafoya recommended granting summary judgment as to this claim. (Recommendation at 15-19.) She found that Plaintiff did not produce any evidence to meet his burden to show that but for his status as a man, he would have been allowed to travel, as required to support a reverse gender discrimination claim. (*Id.* at 19.) She also found that Plaintiff's claim he was denied the ability to travel to a conference was insufficient, as a matter of law, to support a Title VII claim because it did not rise to the level of an adverse employment action. (*Id.*) Plaintiff's Objection does not address these findings, and I find that her recommendation to grant summary judgment as to this claim is correct and must be affirmed.

The Recommendation next found that summary judgment should be granted as to the claim for race discrimination under 42 U.S.C. § 1981, which claim is not required to be exhausted. (Recommendation at 20-24.) Magistrate Judge Tafoya found that Plaintiff did not establish a prima facie case of race discrimination because Plaintiff did

not present evidence that "suggests HP is one of those unusual employers who discriminates against the majority or supports a reasonable probability that but for Plaintiff's status as white, he would not have been terminated." (*Id.* at 23-24.) She also found that Plaintiff's arguments and purported evidence relating to age and gender in the work force reduction ["WFR"] are irrelevant because the Court lacks jurisdiction to consider these claims due to Plaintiff's failure to exhaust administrative remedies. (*Id.*) Further, she found that in light of Defendants' evidence regarding the WFR data, Plaintiff's Exhibit B which he relies on in support of his discrimination claim does not appear to be statistically accurate or relevant and Plaintiff provided no foundation for its admissibility. (*Id.*) Finally, she noted that Plaintiff did not indicate race discrimination as a basis for his complaint when he filed suit and that he stated, in response to interrogatories, that "at this time, no known racial discrimination occurred." (*Id.*)

Plaintiff's Objection to this recommendation do not address why any of the above findings are incorrect. He appears to continue to rely on Exhibit B, but does not attempt to show how it is accurate or provide a foundation for its admissibility. While he references other alleged facts about HP's alleged racial discrimination or bias, these allegations are not supported by evidence and/or Plaintiff has not laid a foundation for the admissibility of the documents he relies on. Accordingly, I find that the recommendation to grant summary judgment as to the § 1981 claim should be affirmed and adopted and Plaintiff's Objection should be overruled.

Magistrate Judge Tafoya also recommends granting summary judgment as to the state law claims. (Recommendation at 24-30). As to the breach of contract/ promissory

estoppel claims, she found that Plaintiff did not establish a genuine issue of material fact that his employment was not at-will or that HP failed to follow policies. (*Id.* 25.) As to the negligence claim against Defendant Swank, Magistrate Judge Tafoya found that summary judgment should be granted because Defendants presented evidence that the actions complained of by Plaintiff were not part of Swank's job and Plaintiff did not show that Swank owed him a duty of care. (*Id.* 26.) Similarly, she recommended granting summary judgment on the claim for intentional infliction of emotional distress because Defendants provided evidence that HP was legally entitled to discharge Plaintiff, he was not discharged for an improper reason, and because Plaintiff's conclusory allegations and commentary do not establish a genuine issue of material fact that Defendants' conduct was outrageous. (*Id.* 29.) Finally, the Recommendation found that summary judgment should be granted on Plaintiff's claim for intentional interference with contractual relationship against Swank based on Plaintiff's conclusory statements and because he did not provide any evidence to support this claim. (*Id.* 29-30.)

Plaintiff's Objection spends very little time addressing the recommendation to grant summary judgment on the state law claims. To the extent he does address these claims, he makes conclusory statements that are unsupported by any evidence, such as his statement that "[t]he negligence of Ms. Swank to perform her duties as a human sources representative and HP's refusal to adhere to its own policies are a direct cause of Plaintiff losing his job." (Objection at 4.) He further makes reference to HP's acts being outrageous, yet again fails to produce evidence to support his claim. Accordingly,

I find that Plaintiff's Objection must be overruled as it relates to the state law claims and the Recommendation affirmed as to these claims.

Finally, Magistrate Judge Tafoya addressed Plaintiff's "Amended Claim" (ECF No. 54) wherein he purported to correct his initial complaint and add a claim for disability discrimination under the Americans with Disabilities Act.  (Recommendation at 31.)  She construed this document as a motion to amend the complaint and recommended that the motion be denied.  (*Id.* at 31-35.)  She found that, even assuming that Plaintiff established good cause for seeking to amend his complaint more than six months after the deadline for amending pleadings, his attempt to amend should be denied because his proposed amendments would be futile.  (*Id.* 34-35.)  That is because: (1) "the proposed edits and corrections to [the] complaint address errors not relevant to the findings the court has made in recommending that either dismissal or summary judgment be granted. . . ."; (2) to the extent Plaintiff seeks to sue HP for breach of company policy, the amendment is futile because HP has provided unrefuted evidence that it does not have the policy Plaintiff contends; (3) to the extent Plaintiff seeks to include Defendant Rogers in his claim for negligence, his claim fails for the same reasons as it does against Defendant Swank; and (4) Plaintiff's proposed addition of a claim for disability discrimination under the ADA is futile for failure to timely exhaust administrative remedies.  (*Id.*)

Plaintiff's Objection does not appear to address the recommendation regarding his motion to amend the complaint.  To the extent any arguments he makes in the Objection are geared towards this portion of the Recommendation, I find that Plaintiff

has not shown any reason to reject the Recommendation. I agree with Magistrate Judge Tafoya that even if Plaintiff demonstrated good cause to seek amendment of his complaint outside the deadline for amending pleadings, which I do not believe he did, his motion to amend should be denied as the amendments would be futile.

Based on the foregoing, I overrule Plaintiff's Objection in its entirety. I find that the Recommendation issued by Magistrate Judge Tafoya is well reasoned and must be affirmed. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated May 23, 2011 (ECF No. 91) is **AFFIRMED AND ADOPTED**. Plaintiff's Objection (ECF No. 97) is **OVERRULED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion to Amend Complaint (ECF No. 54) is **DENIED**. It is

FURTHER ORDERED that Defendants' Combined Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(b)(1) for Failure to Exhaust Administrative Remedies and for Summary Judgment as to Remaining Claims filed March 17, 2011 (ECF No. 62) is **GRANTED** consistent with this Order and this matter is **DISMISSED IN ITS ENTIRETY**.

Dated: July 1, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge